HOMAN & STONE
Gene S. Stone, Esq. [SBN 162112]
Deanna M. Brown, Esq. [SBN 167003]
12 North Fifth Street
Redlands, California 92373
(909) 307-9380
(909) 793-0210 - Fax

L:\Meyer v. Capital Alliance Group\PLEADINGS\Mtn to Dismiss SAC.AMD.wpd:DB:tmw

Attorneys for Defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEYER; KEN MOSER; ARNIE KATZ; DCM PROPERTIES, INC.; VENTURE SUPPORT GROUP, LLC,<br><br>　　　　Plaintiffs,<br><br>VS.<br><br>CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; MARK MENDOZA; CHRISTINA DUNCAN; NARIN CHARANVATTANAKIT aka NARIN CHARAN, aka CLAYTON HEATH, individually and dba BANKCAPITAL, BANKCAPITAL DIRECT, SIMPLE BUSINESS FUNDING, COMMUNITY BUSINESS FUNDING, 3-DAY LOANS, ZOOM CAPITAL, FUND QUICK, SNAP BUSINESS FUNDING, NEXT DAY BUSINESS LOANS; FUNDED 48 (DOE 1); SMALL BUSINESS LENDING ASSOCIATES (DOE 2); JUSTINE CRANE (DOE 3); and DOES 4-25<br><br>　　　　Defendants. | CASE NO. 15-CV-2405-DMS-JLB<br><br>**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AS RELATES MOVING DEFENDANTS: CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE [Rule 12(b)(6)]**<br><br>[Assigned for all purposes to: Honorable Dana M. Sabraw]<br><br>DATE:　　4/8/16<br>TIME:　　1:30 p.m.<br>DEPT.:　　13A |

///

///

///

TO THE COURT, PLAINTIFFS DAVID MEYER; KEN MOSER; ARNIE KATZ; DCM PROPERTIES, INC.; VENTURE SUPPORT GROUP, LLC AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 8, 2016 at 1:30 p.m. in Department 13A of the above-entitled court, defendants CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE, will move to dismiss plaintiffs' Complaint pursuant to FRCP 12(b)(6) on the grounds that Plaintiff's Second Amended Complaint fails to state a cause of action against these moving defendants:

1. First Cause of Action for Violations of Telephone Consumer Protection Act of 1991 fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

2. Second Cause of Action for Violations of California Business and Professions Code §17538.43 fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

3. Third Cause of Action for Violations of 47 USC § 227(b)(1)(B) fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

4. Fourth Cause of Action for Violations of 47 CFR §64.1200(b)(1) fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

5. Fifth Cause of Action for Violations of 47 CFR §64.1200(b)(2) fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

6. Sixth Cause of Action for Violations of 47 CFR §64.1601(e) fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

7. Seventh Cause of Action for Violations of California Civil Code §1770(a)(22)(A) fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

8. Eight Cause of Action for Violations of California Business and Professions Code §17200 fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

9. Ninth Cause of Action for Trespass fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

10. Tenth Cause of Action for Conversion fails to state a cause of action against these moving

defendants under FRCP Rule 12(b)(6); and

    11. Eleventh Cause of Action for Tresspass fails to state a cause of action against these moving defendants under FRCP Rule 12(b)(6);

DATED: March 9, 2016

HOMAN & STONE

BY: _____
GENE S. STONE
DEANNA M. BROWN
Attorneys for Defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendants' motion to dismiss is brought for consideration before this Court pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs, DAVID MEYER,, KEN MOSER and ARNIE KATZ, all individuals and residents of the County of San Diego, allege that Defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE, all violated the Telephone Consumer Protection Act by engaging in unlawful telemarketing. Entities, DCM Properties, Inc. And Venture Support Group, LLC, make similar allegations. In addition to the Federal and California TCPA violations, plaintiffs additionally plead causes of action (without any substantiated facts or law) for Trespass (9th COA), Conversion (10th COA) and Civil Conspiracy (11th Cause of Action).

The basis of this motion is that Plaintiffs' claims do not articulate which communications if any, of the moving defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE are alleged to have made or been tied to with clarity. In addition, plaintiffs fail to state in any way which acts by these defendants give rise to any complaint other than by their association with Capital Alliance Group.

There are NO facts plead giving rise to any TCPA violations as against:

1) CAPITAL ALLIANCE PARTNERS, LLC

2) MARK MENDOZA

3) CHRISTINA DUNCAN

Facts plead as relate the remaining and moving defendants are centered on baseless juxtuposition of facts without any nexus of any allegation of relationship as between CAPITAL ALLIANCE GROUP and NARIN CHARANVATTANAKIT and JUSTINE CRAINE, but nothing is plead with regard to any nexus relationship between those parties and the source of the complained of allegedly junk faxes.

Moving Defendants move, accordingly, to Dismiss this action on the Grounds that the Second Amended Complaint fails to state a cause of action against these moving defendants pursuant to FRCP Rule 12(b)(6).

To comply with FRCP 12(b)(6) any complaint against these moving defendants must spell out exactly the communications believed to have been unsolicited, who specifically among the defendants was responsible for those calls/faxes and tie specific alleged violations to the TCPA statutory relief sought. Plaintiffs have failed to do so and the Action must be Dismissed.

## II.

## LEGAL AUTHORITY

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P.* 8(a)(2) When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted. (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment. (*Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Second Amended Complaint in this action can in no way be described as compliant with the Federal Rules of Civil Procedure. It is a rambling, disorganized document, twenty-seven pages in length, not including Exhibits, filled with irrelevant and factually deficient allegations. A careful review of the Second Amended Complaint reveals that it fails to draw any cognizable legal theory between the acts alleged and the parties involved and in particular, any facts that would give rise to any actions against these moving defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA;

CHRISTINA DUNCAN AND JUSTINE CRAINE

## III.

## THE SECOND AMENDED COMPLAINT AS RELATES THE CAUSES OF ACTION OR ISSUES ATTRIBUTABLE TO ALLEGATIONS BY PLAINTIFF, DAVID MEYER AND PLAINTIFF, DCM PROPERTIES, FAIL TO STATE A LEGALLY RECOGNIZABLE CAUSE OF ACTION AS AGAINST THESE MOVING DEFENDANTS

David Meyer, a resident of the County of San Diego, alleges that he received junk faxes from the "defendants and each of them." Mr. Meyer alleges that his home phone is paid for by his company, Plaintiff, DCM PROPERTIES, INC., whose principle place of business is the County of San Diego. Although Mr. Myer alleges that he received six (6) junk faxes "from Defendants, and each of them," his complaint actually states that the faxes were sent by BANK CAPITAL DIRECT. At no time does Plaintiff allege that any of these moving defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE, are in any way associated with Defendant, an unknown entity "BANK CAPITAL DIRECT," and in fact plaintiff simply claims (Para 16) that Defendant, CAPITAL ALLIANCE GROUP, is the sender of the junk faxes.

At no time do plaintiffs Meyer or DCM Properties plead that Defendant, "BANK CAPITAL DIRECT" is an alter ego for any of the moving defendants. Plaintiff plead instead at para 16 "Instead of using their actual incorporated name, CAPITAL ALLIANCE GROUP, as the sender of the junk fax and seller of the business loan, Defendants use "various fictitious and/or unincorporated business names as the sender of each junk fax and seller of the business loan." Plaintiffs, Meyer and DCM, (at Para 31), later describe the "fictitious and/or unincorporated business names on these junk faxes were BANK CAPITAL DIRECT, FAST WORK ING CAPITAL, SIMPLE BIZ FUNDING, COMMUNITY BUSINESS FUNDING, SIMPLE BIZ FUNDING and 3-DAY LOANS (at Para. 31). Again, Plaintiffs fail to draw any relationship describe in the second amended complaint any alter ego or relationship between the moving parties and any of these "fictitious and/or unincorporated business

names."

The Second Amended complaint merely alleges that Defendant, NARIN CHARANVATTANAKAT aka NARAN CHARAN, aka CLAYTON HEALTH, owned and operated CAPITAL ALLIANCE GROUP. (At Para 17). No Explanation, other than the "ownership and operation" of Capital Alliance Group is given Mr. Naran Charan's involvement. Plaintiffs do not allege that Mr. Naran, Mr. Mendoza, Ms. Duncan or Ms. Craine were in any way personally involved in the sending of the alleged illegal faxes. No allegations are made, in any way, as to any acts or omissions by any other of the moving Defendants, including NARAN CHARAN, MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE, as relate the six facsimiles allegedly received by Mr. David Meyer at his home phone paid for by Plaintiff, DCM Properties. At no time does Mr. Meyer identify any of the named defendants as participants in the sending of the alleged illegal facsimiles and/or in any way responsible for them.

Based on these alleged facts, Mr. Meyer's prayer seeks damages for an unspecified number of violations of the TCPA, trebling and punitive damages. Mr. Meyer additionally brings state law claims for unfair business practices and unfair advertising for which he seeks injunctive relief and three additional causes of action: Trespass (9th COA), Conversion (10th COA) without any jurisdictional or cited legal authority seeking general, special and punitive damages, and an 11th COA for Civil Conspiracy with prayer under for attorney's fees under CCP Section 1021.5 (Prayer No. 23) seeking costs of suit, although the body of the 11th COA additionally to seek punitive damages under CC Section 3294 (Para 120), not included in the actual prayer.

Defendant's file this motion to dismiss Plaintiff, David Meyer's and DCM's claims under Federal Rule of Civil Procedure 12(b)(6) and motion for summary judgment under Federal Rule of Civil Procedure 56.

///
///
///
///
///

# IV.

## THE COMPLAINT AS RELATES THE CAUSES OF ACTION OR ISSUES ATTRIBUTABLE TO ALLEGATIONS BY PLAINTIFF, KEN MOSER, FAIL TO STATE A LEGALLY RECOGNIZABLE CAUSE OF ACTION AS AGAINST THESE MOVING DEFENDANTS

Mr. Ken Moser is a resident of the County of San Diego. Plaintiff, Moser, in the Second Amended Complaint, claims six (6) incidents in which he received allegedly junk faxes from a single entity "BANK CAPITAL DIRECT." Plaintiff Moser does not attempt in any way to draw any correlation or relationship between BANK CAPITAL DIRECT and these moving defendants. At no time, however, does Plaintiff Moser plead that any of the moving defendants are alter egos or have any relationship with "BANK CAPITAL DIRECT." Plaintiff plead instead that at para 16 "Instead of using their actual incorporated name, CAPITAL ALLIANCE GROUP, as the sender of the junk fax and seller of the business loan, Defendants use "various fictitious and/or unincorporated business names as the sender of each junk fax and seller of the business loan."

Plaintiff, Moser, complains of junk faxes sent by "BANK CAPITAL DIRECT," not Defendant Charan, not Defendant Duncan, not Defendant Mendoza, not Defendant Craine, and not Defendants Capital Alliance or Capital Alliance Group, LLC. Plaintiff makes utterly no attempt whatsoever to draw any relationship in the second amended complaint between the entity "BANK CAPITAL DIRECT," and /or any alter ego or relationship between the moving parties and any of this "fictitious and/or unincorporated business names."

The Second Amended Complaint merely alleges that Defendant, NARIN CHARANVATTANAKAT aka NARAN CHARAN, aka CLAYTON HEALTH, owned and operated CAPITAL ALLIANCE GROUP. (At Para 17). No Explanation, other than the "ownership and operation" of Capital Alliance Group is given Mr. Naran Charan's involvement. Plaintiffs do not allege that Mr. Naran, Mr. Mendoza, Ms. Duncan or Ms. Craine were in any way personally involved in the sending of the alleged illegal faxes. No allegations are made, in any way, as to any acts or omissions by any other of the moving Defendants, including NARAN CHARAN, MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE, as relate the six facsimiles allegedly

received by Mr. Moser. At no time does Mr. Moser identify any of the named defendants as participants in the sending of junk faxes and/or that these moving defendants are in any way responsible for them.

Plaintiff Moser then did a disturbing thing (SAC Para 25). Mr. Moser took an allegedly junk fax THAT HE DID NOT PERSONALLY RECEIVE as reportedly sent by an entity called FUNDED48 (DOE 1) and called the number. Mr. Moser does not allege that this alleged fax was at any time sent to him, and thus, not a TCPA violation, but he nonetheless initiated contact with FUNDED48 on June 10, 2015. Mr. Moser reportedly spoke to a man called Tanner Hawkins. Mr. Moser then provided phone information and an email address and filled out a questionnaire on an online form and he received a call, he says from Capital Alliance employee, Justine Craine. Mr. Moser now would have this Court believe that because he was contacted in response to filling out the online questionnaire and the information contained within that questionnaire was later obtained by Defendant, Justine Craine that this creates a nexus between FUNDED48 and Capital Alliance. Mr. Moser did no investigation as to how such leads were generated but jumped to a conclusion that since Ms. Craine works at Capital Alliance and she called him, that this transaction was "proof" of a TCPA violation by the moving defendants. The problem with this, of course, is that Mr. Moser has not and did not plead that he received this allegedly illegal fax from FUNDED48. Mr. Moser initiated the contact. Mr. Moser did not speak with Mr. Charan. Mr. Moser did not speak with Ms. Duncan. Mr. Moser did not speak with Mr. Mendoza. Mr. Moser called a number, initiated in transaction, filled out a form and then got a call from an employee of Capital Alliance.

Based on these alleged facts, Mr. Moser's prayer seeks damages for an unspecified number of violations of the TCPA, trebling and punitive damages. Mr. Moser additionally brings state law claims for unfair business practices and unfair advertising for which he seeks injunctive relief and three additional causes of action: Trespass (9th COA), Conversion (10th COA) without any jurisdictional or cited legal authority seeking general, special and punitive damages, and an 11th COA for Civil Conspiracy with prayer under for attorney's fees under CCP Section 1021.5 (Prayer No. 23) seeking costs of suit, although the body of the 11th COA additionally to seek punitive damages under CC Section 3294 (Para 120), not included in the actual prayer.

1  Defendant's file this motion to dismiss Plaintiff, Ken Moser's claims under Federal Rule of
2  Civil Procedure 12(b)(6) and motion for summary judgment under Federal Rule of Civil Procedure
3  56.

V.

## THE COMPLAINT AS RELATES THE CAUSES OF ACTION OR ISSUES ATTRIBUTABLE TO ALLEGATIONS BY PLAINTIFF, ARNIE KATZ, THROUGH HIS COMPANY, PLAINTIFF, VENTURE SUPPORT GROUP, LLC. FAIL TO STATE A LEGALLY RECOGNIZABLE CAUSE OF ACTION AS AGAINST THESE MOVING DEFENDANTS

Mr. Arnie Katz is also a resident of the County of San Diego. Plaintiff, Katz, in his Second Amended Complaint, claims forty-one (41) incidents in which he received allegedly junk faxes from multiple entities: "FAST WORKING CAPITAL, SIMPLE BIZ FUNDING, COMMUNITY BUSINESS FUNDING, ZOOM CAPITAL, FUND QUICK, 3-DAY LOANS, SNAP BUSINESS FUNDING, NEXT DAY BUSINESS LOANS, FUNDED 48 and SMALL BUSINESS LENDING ASSOCIATES in 2015 in Para. 54. " Like his fellow plaintiffs, Plaintiff Katz does not attempt in any way to draw any correlation or relationship between FAST WORKING CAPITAL, SIMPLE BIZ FUNDING, COMMUNITY BUSINESS FUNDING, ZOOM CAPITAL, FUND QUICK, 3-DAY LOANS, SNAP BUSINESS FUNDING, NEXT DAY BUSINESS LOANS, FUNDED 48 and SMALL BUSINESS LENDING ASSOCIATES and these moving defendants. At no time, however, does Plaintiff Katz plead that any of the moving defendants are alter egos or have any relationship with "FAST WORKING CAPITAL, SIMPLE BIZ FUNDING, COMMUNITY BUSINESS FUNDING, ZOOM CAPITAL, FUND QUICK, 3-DAY LOANS, SNAP BUSINESS FUNDING, NEXT DAY BUSINESS LOANS, FUNDED 48 and SMALL BUSINESS LENDING ASSOCIATES." Plaintiff Katz plead instead that at para 54 that these entities are "fictitious and/or unincorporated business names. "Instead of using their actual incorporated name, CAPITAL ALLIANCE GROUP, as the sender of the junk fax and seller of the business loan, Defendants use "various fictitious and/or unincorporated business names as the sender of each junk fax and seller of the business loan."

Plaintiff, Katz, complains of junk faxes sent by "FAST WORKING CAPITAL, SIMPLE BIZ FUNDING, COMMUNITY BUSINESS FUNDING, ZOOM CAPITAL, FUND QUICK, 3-DAY LOANS, SNAP BUSINESS FUNDING, NEXT DAY BUSINESS LOANS, FUNDED 48 and SMALL BUSINESS LENDING ASSOCIATES" not Defendant Charan, not Defendant Duncan, not Defendant Mendoza, not Defendant Craine, and not Defendants Capital Alliance or Capital Alliance Group, LLC. Plaintiff makes utterly no attempt whatsoever to draw any relationship in the second amended complaint between the entity "FAST WORKING CAPITAL, SIMPLE BIZ FUNDING, COMMUNITY BUSINESS FUNDING, ZOOM CAPITAL, FUND QUICK, 3-DAY LOANS, SNAP BUSINESS FUNDING, NEXT DAY BUSINESS LOANS, FUNDED 48 and SMALL BUSINESS LENDING ASSOCIATES.","  and /or any alter ego or relationship between the moving parties and any of this "fictitious and/or unincorporated business names."

The Second Amended complaint merely alleges that Defendant, NARIN CHARANVATTANAKAT aka NARAN CHARAN, aka CLAYTON HEALTH, owned and operated CAPITAL ALLIANCE GROUP. (At Para 17). No Explanation, other than the "ownership and operation" of Capital Alliance Group is given Mr. Naran Charan's involvement. Plaintiffs do not allege that Mr. Naran, Mr. Mendoza, Ms. Duncan or Ms. Craine were in any way personally involved in the sending of the alleged illegal faxes. No allegations are made, in any way, as to any acts or omissions by any other of the moving Defendants, including NARAN CHARAN, MARK MENDOZA; CHRISTINA DUNCAN and JUSTINE CRAINE, as relate the six facsimiles allegedly received by Mr. Moser. At no time does Mr. Moser identify any of the named defendants as participants in the sending of junk faxes and/or that these moving defendants are in any way responsible for them.

Based on these alleged facts, Mr. Katz and Venture Support Group, LLC's prayer seeks damages for an unspecified number of violations of the TCPA, trebling and punitive damages. Mr. Katz and VenPture Support Group, LLC' additionally brings state law claims for unfair business practices and unfair advertising for which they seeks injunctive relief and three additional causes of action: Trespass (9th COA), Conversion (10th COA) without any jurisdictional or cited legal authority seeking general, special and punitive damages, and an 11th COA for Civil Conspiracy with prayer

under for attorney's fees under CCP Section 1021.5 (Prayer No. 23) seeking costs of suit, although the body of the 11th COA additionally to seek punitive damages under CC Section 3294 (Para 120), not included in the actual prayer.

## VI.

## PLAINTIFF'S 9th, 10th and 11th CAUSES OF ACTION FAIL TO STATE CAUSES OF ACTION AS AGAINST THESE MOVING DEFENDANTS

Plaintiffs have plead the final three causes of action as a transparent attempt to add additional prayers for punitive damages to their claims, thus adding to their prayer improperly plead requests for punitive or exemplary damages. No facts are pled in any of the final causes of action at all that would rise to the level of punitive damages, exemplary damages or treble damages, leaving defendants to guess why they are sought. In fact, these final cause of action fail completely to state any facts that would support the causes of action against these moving defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE.

*C.C.P.* §3294 provides for recovery of exemplary damages in non-contract cases "where the defendant is found guilty of malice, oppression, or fraud ..." The statute goes on to define "malice" as " ... conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a wilful and conscious disregard of the rights and safety of others." "Oppression" means conduct that subject a person to cruel and unjust hardship in conscious disregard of that person's rights. "Fraud" means an intentional misrepresentation, deceit or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

Punitive damages in non-contract cases "where the defendant has been guilty of oppression, fraud, or malice, express or implied," has long been interpreted to mean that malice in fact, as opposed to malice implied by law, is required. *Taylor v. Superior Court*, 24 Cal. 3d 890, (1979). When pleading a claim for punitive damage simply quoting the above listed statutory definitions is insufficient. "Not only must there be circumstances of oppression, fraud or malice, but facts must be alleged in the pleadings to support such a claim." (*Grieves*, supra, 157 Cal.App.3d at 166) To survive

a motion to strike, a complaint must allege the "ultimate facts" that, if true, would entitled plaintiff to punitive damages. Mere allegations that the defendant committed an intentional tort are insufficient to support a claim for punitive damages. "Something more than mere commission of a tort is always required for punitive damages." (*Grieves*, supra., 157, Cal.App.3d at 166) A "conclusionary characterization of defendants' conduct as intentional, willful and fraudulent is a patently insufficient statement of oppression, fraud or malice." <u>Brousseau v. Jarrett</u> (1977) 73 Cal.App.3d 864, 872. This is because fairness demands that a defendant receive adequate notice of the kind of conduct charged against him. (*Smith v. Superior Court* (1992) Cal.App.4th 1033, 1041)

Here, the only allegations supporting plaintiffs' claim for punitive damages are boilerplate paragraphs regurgitating the <u>Buzz</u> words in Section 3294.

Plaintiff has not pled any facts to constitute an act of malice, oppression or fraud. Plaintiff does not provide any basis whatsoever for an award of punitive damages, exemplary damages or treble damages. Plaintiff has failed to plead any facts in her complaint to support this cause of action nor to support an award for punitive damages, exemplary damages or treble damages. As such, all reference to punitive damages, exemplary damages or treble damages must be stricken from the complaint.

Additionally, due to plaintiffs' failure to plead facts that constitute malice, oppression or fraud, besides striking any mention of punitive damage, exemplary damages, treble damages, any mention of malicious behavior, willful and knowing conduct, conduct intentionally calculated to harm and injure plaintiffs and/or conduct performed in conscious disregard of plaintiffs' rights, should be stricken.

A. **PUNITIVE DAMAGES ARE DISFAVORED**

Plaintiff's complaint fails to make the requisite showing malice in fact or actual malice to support a claim for exemplary damages. Actually, plaintiff fails to state any facts whatsoever, that allege wilful misconduct. Exemplary damages, although allowed in certain cases to deter egregious conduct, are not favored by law and should be granted with the greatest of caution and only in the clearest of cases. (*Toole v. Richardson-Merrill, Inc.* (1967) 251 Cal.App.2d 689; *Taylor v. Superior Court* (1979) 24 Cal. 3d 890). Plaintiff is never entitled to exemplary damages as a matter of right. (*Henderson v. Security National Bank* (1977) 72 Cal.App.3d 764).

In order to successfully plead a claim for punitive damages, a party must allege that the defendant was guilty of malice, oppression or fraud. "Allegations that acts were wrongful or unlawful constitute mere conclusions of law ..." (*Faulkner v. California Toll Bridge Authority* (1953) 40 Cal.2d 317). Conclusionary allegations such as maliciously, fraudulently, oppressively and with conscious disregard are properly stricken from a pleading. (*Smithson v. Sparber* (1932) 123 Cal.App. 225, 228).

Once again, the plaintiffs have failed to plead any facts alleging or constituting defendants' malice, oppression or fraud. Plaintiffs cannot support a claim for punitive damages, exemplary damages, and treble damages.

## B. COMPLAINT MUST PLEAD SPECIFIC FACTS

Strict standards have been established in California which demand that the specific facts or circumstances which would entitle the plaintiffs to recover exemplary damages must be set forth in the complaint. An exemplar of the requisite specificity was addressed by the court in *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891; 99 Cal.Rptr. 706, wherein the court stated:

> "The malice required implies an act conceived in the spirit of mischief or criminal indifference towards the obligations owed to others. Mere spite or ill will is not sufficient; and mere negligence, even gross negligence, is not sufficient to justify an award." (Citations omitted).

Nowhere in plaintiffs' complaint are any facts alleged to show that the defendants' acts, if any, were conceived in the spirit of malice, oppression or fraud, or evil intent, or that defendant intended to vex and/or injure the plaintiffs.. Plaintiffs simply make conclusionary statements that they entitled to punitive damages, exemplary damages and treble damages..

In the case of *Wolfson v. Hathaway* (1948) 32 Cal.App.2d 623; 198 P.2d 1, the court first declared the rule that if plaintiff cannot establish a mere requisite showing of oppressions, fraud or malice with nothing more than mere speculation, plaintiff has not established, and cannot establish, the requisite factual foundation to support a prayer for exemplary damages against a defendant.

The within complaint, instead of setting forth the mandatory criteria, merely makes conclusionary statements, and asks for an award for punitive damages, exemplary damages, or treble damages, with no basis, and without specifying who the punitive damages are sought from. Such is not the proper subject of a complaint seeking punitive damages, exemplary damages, or treble

damages, in this jurisdiction.

## VII.

## CONCLUSION

Plaintiffs' second amended complaint describes acts by unknown parties and entities they allege are violative of both federal and state law. The Second Amended Complaint alleges that the defendants are engaging in a pattern and practice of sending unsolicited facsimile advertisements to persons, businesses, and entities within the State of California in violation of Federal and California State laws, but never draws any facts to support any cause of action against these moving defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE In fact, plaintiffs admit that the alleged junk faxes complained of all originated from "unknown" entities.

Defendants hereby respectfully request that the Court dismiss this action as against these movng parties: CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE pursuant to Fed. R. Civ. P. 12(b)(6).

DATED:   March 9, 2016

HOMAN & STONE

BY: *(signature: Gene Stone)*
GENE S. STONE
DEANNA M. BROWN
Attorneys for Defendants, CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN

## PROOF OF SERVICE (Federal Rules of Civil Procedure Rule 5)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 12 North Fifth Street, Redlands, California 92373.

On March 10, 2016, I served the foregoing document(s) described as **MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AS RELATES MOVING DEFENDANTS: CAPITAL ALLIANCE GROUP; CAPITAL ALLIANCE PARTNERS, LLC; NARIN CHARANVATTANAKIT; MARK MENDOZA; CHRISTINA DUNCAN AND JUSTINE CRAINE [Rule 12(b)(6)]** on the other parties in this action as follows:

Daniel J. Williams, Esq.
Law Offices of Daniel J. Williams
3990 Old Town Ave., Ste. 200-A
San Diego, CA 92110
Phone: (619) 259-0285
Fax: (619) 923-3253
Email: djw2esq@gmail.com
*(Attorneys for Plaintiffs)*

[X] **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

[X] **(BY MAIL)** By placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona. [ ] I deposited such envelope(s) in the mail at Redlands, California, with postage thereon fully prepaid. [X] I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2016, at Redlands, California.

*/s/ Tammy Wong*
Tammy Wong