UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

---

DAVID MEYER; KEN MOSER; ARNIE KATZ; DCM PROPERTIES, INC.; VENTURE SUPPORT GROUP,

    Plaintiffs,

v.

CAPITAL ALLIANCE GROUP; and DOES 1 through 10, inclusive, and each of them,

    Defendants.

Civil Action No.: 15-CV-2405-WVG

[Assigned for all purposes to: Magistrate Judge William V. Gallo]

**EXPERT DECLARATION OF NARIN CHARANVATTANAKIT** (Pursuant to FRCP 26 (a)(2)(C))

---

## EXPERT DECLARATION OF NARIN CHARANVATTANAKIT

Pursuant to FRCP 26 (a)(2)(C) I, Narin Charanvattanakit, am the Chief Executive Officer of Capital Alliance Group (CAG) and can and will offer the following testimony at the time of trial, as a principle and person most knowledgeable of marketing of CAG and Capital Alliance Partners, on the following issues and subject areas:

1) Marketing Procedures at CAG - To acquire customers, CAG utilizes direct mail, online advertising, radio advertising, referrals, and telemarketing all within compliance of state and federal statutes;

2) Capital Alliance Partners, LLC., does not engage in any marketing of any kind;

3) The telephone systems utilized by CAG;

4) CAG has no ATDS (automatic telephone dialing system); Defendant's phone system is not an "automatic telephone dialing system" under the TCPA because its telephone system does not use a

1

"random or sequential number generator" to store or produce telephone numbers.

5) Because Defendants did not use an "automatic telephone dialing system" within the meaning of the TCPA, Defendants did not violate the TCPA.

6) All marketing calls initiated by employees of CAG are and were at the time of the operative complaint by way of manual dial;

7) The only marketing calls made by any employee of CAG were manually dialed calls to cell phones utilized for business purposes which are not regulated by the TCPA. - CAG cannot always decipher whether it is calling cell phones or a regular business phone number.

8) Plaintiffs have failed to show any evidence that any call made for purposes of marketing by CAG is in violation of any provision of the TCPA;

9) CAG has no liability for any call made to these plaintiffs cell phones using either (a) an "automatic telephone dialing system" or (b) an artificial or prerecorded voice - so long as the recipient is not "charged" for the call.

10) There is no liability for calls to residential (non-cell phone) lines even where an artificial or prerecorded voice leaves a message, so long as the call is made for a commercial or business purpose and does not include or introduce an unsolicited advertisement, or otherwise constitute a telephone solicitation.

11) Facsimile Marketing Procedures as utilized by CAG;

12) Specific knowledge of facsimile marketing procedures used by 3rd party vendor, Absolute Fax;

13) CAG has reviewed the evidence proffered by plaintiffs and finds no evidence or proof that any of the faxes plaintiff MOSER alleges to have received were initiated by Capital Alliance Group;

14) CAG has reviewed the evidence proffered by plaintiffs and finds no evidence or proof to support plaintiff MOSER's allegations that the faxes he has alleged to have received were initiated by 3rd party vendor, Absolute Fax.

14) CAG has reviewed the evidence proffered by plaintiffs and finds no evidence or proof to support plaintiff MOSER's allegations that the faxes he has alleged to have received were initiated by 3rd party vendor, Absolute Fax.

15) Plaintiff, MOSER, has offered no proof that the alleged robocalls he received were initiated by Defendants;

16) Plaintiff, MOSER, has offered no proof that the alleged robocalls he received were initiated by Defendants 3rd party vendor, Message Communications as alleged in the complaint;

17) Plaintiff, KATZ, has offered no proof that the faxes he received were initiated by Defendants;

18) Plaintiff, KATZ, has offered no proof that the faxes he received were initiated by 3rd party vendor, Absolute Fax as alleged in the complaint;

19) Plaintiff, MEYER, has offered no proof that the faxes he received were initiated by Defendants;

20) Plaintiff, MEYER, has offered no proof that the faxes he received were initiated by 3rd party vendor, Absolute Fax as alleged in the complaint;

21) Plaintiff, MOSER, admits that he contacted Capital Alliance Group and feigned interest in CAG business loan services for his business Marketing Support Systems, which resulted in several follow up calls and mail solicitation attempts which is common protocol. None of the follow-up calls or mail solicitations are in violation of the TCPA;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of April, 2017, at Santa Ana, California.

_____
NARIN CHARANVATTANAKIT

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 14th day of April, 2017. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/EFC System.

Dated:   Redlands, California
         April 14, 2017

                                         /s/ Gene S. Stone
                                         Gene S. Stone, Esq.