1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7
8
9

| | Case No.: 15-CV-2405-WVG |

10 DAVID MEYER; KEN MOSER; ARNIE
11 KATZ; DCM PROPERTIES, INC.;5
12 VENTURE SUPPORT GROUP, LLC,

**WRITTEN REPORT OF JEFFREY
A. HANSEN**

13

14                    *Plaintiffs,*

15

16          *v.*

17

18 CAPITAL ALLIANCE GROUP;
19 CAPITAL ALLIANCE PARTNERS,
   LLC; MARK MENDOZA; CHRISTINA
20 DUNCAN; NARIN
21 CHARANVATTANAKIT AKA NARIN
22 CHARAN, AKA CLAYTON HEATH,
23 INDIVIDUALLY AND DBA
24 BANKCAPITAL, BANKCAPITAL
25 DIRECT SIMPLE BUSINESS
26 FUNDING, COMMUNITY BUSINESS
27 FUNDING, 3-DAY LOANS, ZOOM
28

1

1
2
3
4
5
6
7
8
9

CAPITAL, FUND QUICK, SNAP
BUSINESS FUNDING, NEXT DAY
BUSINESS LOANS; FUNDED 48 (DOE
1); SMALL BUSINESS LENDING
ASSOCIATES (DOE 2); JUSTINE
CRANE (DOE 3); AND DOES 4-25,

        *Defendants.*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

# EXPERT REPORT OF JEFFREY A. HANSEN

1.    My name is Jeffrey A. Hansen. I am an adult over the age of 18, a resident of the state of California, and I reside at 2625 Kings View Circle, Spring Valley, CA 91977. Unless indicated otherwise, I have personal knowledge of each of the matters stated herein, and if called to testify I could and would testify competently about them.

2.    I was asked to prepare this written expert report by Plaintiff's counsel in the above-captioned matter, Law Offices of Daniel J. Williams, in support of Plaintiff's Designation of Expert Witnesses.

3.    I have been retained in this case at a rate of $300 per hour, for all services rendered, and $380 per hour for depositions.

## *Experience and Credentials.*

4.    I am the principal of Hansen Legal Technologies, Inc. My firm is in the business of handling Information Technology, including investigations and analysis of electronic data. I have served as an expert or consultant in more than 150 TCPA class action lawsuits, and as an expert or consultant in numerous other civil cases.

5.    With regard to my experience as an expert and consultant in legal matters, generally, I have frequently served as an expert witness and consultant to law firms in conducting computer forensic analysis. I have also assisted in electronic discovery issues.

6.    Specific to this case, my firm was retained to assist Plaintiff's counsel in evaluating and determining if Defendants hired a facsimile advertising company named Absolute Fax to send facsimile advertisements on behalf of Capital Alliance Group, and the subject facsimile advertisements in the present case were actually sent by Absolute Fax on behalf of Capital Alliance Group. I have also been retained to assist Plaintiff and his counsel in evaluating and analyzing electronic data related to the calls and other electronic data associated with call logs. In that respect, I have extensive experience with analyzing call records, and I have personally engaged in data warehousing regarding the compilation of certain lists, including demographic and target audience

1  lists for telemarketing, and have personally repaired defective lists to eliminate
2  improperly formatted and corrupted data.

3       7.      I also frequently act as a consultant to companies that engage in the use of
4  autodialers, and I am familiar with their use and procedures, and the technical aspects of
5  that business. In that capacity, I have assembled, configured, maintained, operated all
6  aspects of autodialers, and interfaced with the telecommunications providers through
7  whose networks the autodialers operate.

8       8.      I have set up and maintained all aspects of predictive dialers and
9  autodialers, from predictive dialers operating with just three telephone lines to outbound
10 call centers, run from three locations, capable of generating over 1 million calls per
11 hour. When building these systems, I have used various software and hardware
12 solutions for predictive and autodialers, both proprietary and open source, and
13 customized those systems for their particular uses. I myself have used and maintained
14 predictive and autodialers, and trained others to do the same.

15      9.      Further, I am familiar with the manner in which outbound dial lists are
16 used and maintained in the industry in which Capital Alliance Group operates.
17 Similarly, I am familiar and have experience with, and know how to use, databases
18 containing cell block identifiers and ported number lists, both of which identify cellular
19 type telephone numbers and are typically used in these industries.

20      10.     Over the last twenty-seven (27) years, I have also had extensive experience
21 in a broad range of other areas in the electronic and information technology fields and
22 obtained many certifications such as MCP 4.0, A+, Network+, MCP 2000, MCSA,
23 MCSE, Linux+, I-Net+, Security+, CIW Security Analyst.  From the hardware
24 perspective, I have extensive experience in troubleshooting and repairing at the
25 component level, and building various systems for various purposes. I have designed,
26 built and maintained computer networks in a variety of environments from commercial
27 businesses to very large DoD networks. I have taught approximately 1,000 others the
28 skills to become computer network engineers themselves.

11.    I have had extensive experience in dealing with security breaches and hardening computer networks against those breaches.  I have handled many computer forensic and E-Discovery matters, including internal investigations in companies, working at the FBI sponsored Regional Computer Forensics Laboratory, and founding a computer forensics and E-Discovery firm over 9 years ago.  I have also had extensive experience with the set-up and use of predictive and autodialers. (*See Exhibit A – Resume of Jeffrey A. Hansen*).

12.    I have been called to testify in the following civil matters: *Craig Casey v. Valley Center Insurance Agency Inc.*, Case No. 37-2008-00004378-SC-SC-CTL (San Diego Superior Court); *Stemple v. QC Holdings, Inc.*, Case No. 12-CV-1997-CAB-WVG (S.D. Cal.); *Hahn v. Massage Envy Franchising*, Case No: 3:12-cv-00153-DMS-BGS (S.D. Cal.); *Abdeljalil v. General Electric Capital Corporation*, Case No: 12-cv-02078-JAH-MDD (S.D. Cal.); *Jasminda Webb v. Healthcare Revenue Recovery Group, LLC* Case No: C 13-0737 JD (N.D. Cal.); *Balschmiter v TD Auto Finance, LLC*, Case No: 2:13-cv-01186 (E.D. Wisc.); *Jordan Marks v Crunch San Diego, LLC*, Case No. 14-CV-0348-BAS (BLM) (S.D. Cal.); *Peter Olney v Job.com*, Case No: 1:12-cv-01724-LJO-SKO (E.D. Cal.); *Carlos Guarisma v ADCAHB Medical Coverages, Inc. and Blue Cross and Blue Shield of Florida, Inc.*, Case No: 1:13-cv-21016-JLK (S.D. Fla.); *Farid Mashiri v Ocwen Loan Servicing, LLC*, Case No: 3:12-cv-02838 (S.D. Cal.); *Monty J. Booth, Attorney at Law, P.S. v Appstack, Inc.*, Case No. 2:13-cv-01533-JLR (W.D. Wash.); *Rinky Dink, Inc. d/b/a Pet Stop v World Business Lenders, LLC*, Case No. 2:14-cv-00268-JCC (W.D. Wash.); *Michael Reid and Dave Vacarro v. I.C. Systems, Inc.*, Case No. 2:12-cv-02661-ROS (D. Ariz.); *Jeffrey Molar v NCO Financial Systems* Case No. 3:13-cv-00131-BAS-JLB (S.D. Cal.); *Latonya Simms v Simply Fashion Stores LTD, and ExactTarget, Inc.*, Case No. 1:14-CV-00737-WTL-DKL (D. Ind.); *Sueann Swaney v Regions Bank*, Case No. CV-13-RRA-0544-S (N.D. Ala.); *Hooker v SiriusXM*, Case No. 4:13-cv-00003 (AWA) (E.D. Va.); *Diana Mey v Frontier Communications*, Case No. 13-cv-01191-RNC (D. Conn.); *Rachel Johnson v Yahoo!*

5

1   *Zenaida Calderin v Yahoo! Case* No. 14-cv-2028 14-cv-2753 (N.D. IL); *Philip Charvat*

2   *v Elizabeth Valente,* Case No. 12-cv-5746 (N.D. IL); *Robert Zani v Rite Aid Hdqtrs.*

3   *Corp.,* Case No. 14-cv-9701(AJN)(RLE)(S.D. NY), *A.D. v Credit One Bank* Case No.

4   1:14-cv-10106 (N.D. IL); *Oerge Stoba, and Daphne Stoba v Saveology.com, LLC,*

5   *Elephant Group, Inc.; Time Warner Cable, Inc.,* Case No. 13-cv-2925-BAS-NLS (S.D.

6   Cal.); *Shyriaa Henderson v United Student Aid Funds, Inc.* Case Number: 3:13-cv-

7   1845-L-BLM (S.D. Cal.); *Marciano v Fairwinds Financial Services* Case No. 6:15-CV-

8   1907-ORL-41 KRS (M.D. Fla); *Alice Lee v Global Tel\*Link Corporation,* Case No.

9   2:15-cv-02495-ODW-PLA [consolidated with 2:15-cv-03464-ODW-PLA (C.D. Cal.);

10  *Alan Brinker v Normandin's,* Case No. 5:14-cv-03007-EJD-HRL (N.D. Cal.); *Spencer*

11  *Ung v Universal Acceptance Corporation,* Case No. 15cv127 RHK/FLN (D. Minn);

12  *Seana Goodson v Designed Receivable Solutions,* Case No. 2:15-cv-03308-MMM-JPR

13  (C.D. Cal); *Dominguez v Yahoo!, Inc.,* Case No. 2:13-cv-01887 (E.D. Penn); *Eli*

14  *Ashkenazi v Bloomingdales, Inc.,* Case No. 3:15-cv-02705-PGS-DEA (D. N.J.); *Abante*

15  *Rooter and Plumbing, Inc. v Birch Communications, Inc.* Case No. 1:15-cv-03562

16  (N.D. GA); *Roark v Credit One Bank,* Case No. 0:16-cv-00173-RHK-FLN (D.Minn);

17  *Carl Lowe And Kearby Kaiser v CVS Pharmacy, Inc., Minuteclinic, LLC, and West*

18  *Corporation,* Case No. 1:14-cv-03687 (N.D. Ill); *Zaklit v Nationstar Mortgage, LLC.,*

19  Case No. 5:15-CV-02190-CAS-KK (C.D. Cal); *Charles Banks v Conn Appliance, Inc.,*

20  Case No. 01-16-0001-0736 (American Arbitration Association); *Rajesh Verma v*

21  *Memorial Healthcare Group,* Case No. 3:16-CV-00427-HLA-JRK (M.D. Fla); *Herrick*

22  *v Godaddy.com,* Case No. 2:16-cv-00254-DJH (D.AZ); *In Re: Monitronics*

23  *International, Inc., Telephone Consumer Protection Act Litigation,* Case No. 1:13-md-

24  02493-IMK-JSK (N.D.W.V.); *Diana Mey v Ventura Data, LLC And Public Opinion*

25  *Strategies,* Case No. 5:14-CV-123 (N.D.W.V.).

26

27  ### *Work and Analysis in this Case*

28

6

1    13.   Based upon the documents and evidence I have reviewed, I conclude that

2    Narin Charanvattanakit on behalf of Capital Alliance Group  hired a facsimile

3    advertising company named Absolute Fax to send facsimile advertisements on behalf of

4    Capital Alliance Group, and the subject facsimile advertisements in the present case

5    were actually sent by Absolute Fax on behalf of Capital Alliance Group.

6

7    **_Basis and Reasons for my findings_**

8

9    14.   Defendant Narin Charanvattanakit, individually and as the person most

10   knowledgeable for Defendant Capital Alliance Group, admitted at deposition in the

11   present case that he hired Absolute Fax to send facsimile advertisements on behalf of

12   Defendants, that Absolute Fax was the only company Defendants hired to send

13   facsimile advertisements on behalf of Defendants, and based upon all the information

14   available to him at the time of his deposition, the only logical, reasonable, and common

15   sense conclusion is that Absolute Fax sent the subject facsimile advertisements. (*See*

16   *Deposition transcript of Narin Charanvattanakit p. 35:1-25*)

17   15.   Defendant Narin Charanvattanakit, individually and as the person most

18   knowledgeable for Defendant Capital Alliance Group, also admitted at deposition in the

19   present case that he expects some of the telephone numbers that appear in the inbound

20   call logs for the telephone numbers on the subject facsimile advertisements will also

21   appear in Capital Alliance Group's call logs as inbound transferred calls.  (*See*

22   *Deposition transcript of Narin Charanvattanakit p. 135:2-22*)

23   16.   My analysis of the call log data for the telephone numbers on the facsimile

24   advertisements, and the call log data for Capital Alliance Group's telephone numbers,

25   confirms that 15,226 telephone numbers that appear in the inbound call logs for the

26   telephone numbers on the facsimile advertisements also appear in Capital Alliance

27   Group's call logs as inbound transferred calls.

28

***Facts or Data Considered***

17.     I reviewed the subject facsimile advertisements in the present case. First, I combined all the individual .csv files for Capital Alliance Group's call logs, bates numbers 3317 – 123115 ("Ring Central Call Logs"). Then, I combined all the individual .csv files for the Phone.com call logs, including phone_000001-000911 and PH state of CA ("phone.com logs"). Then I normalized the data for both lists. Then I matched records where the telephone number from the "Ring Central Call Logs" matched the telephone number from the "phone.com logs". The result was 15,226 matching telephone numbers.

18.     I also reviewed the transcripts of the depositions of Defendant Narin Charanvattanakit to verify the facts that Defendant Narin Charanvattanakit, individually and as the person most knowledgeable for Defendant Capital Alliance Group, admitted at deposition in the present case that he hired Absolute Fax to send facsimile advertisements on behalf of Defendants, that Absolute Fax was the only company Defendants hired to send facsimile advertisements on behalf of Defendants, and based upon all the information available to him at the time of his deposition, the only logical, reasonable, and common sense conclusion is that Absolute Fax sent the subject facsimile advertisements.

19.     I further reviewed the transcripts of the depositions of Defendant Narin Charanvattanakit to verify that Defendant Narin Charanvattanakit, individually and as the person most knowledgeable for Defendant Capital Alliance Group, also admitted at deposition in the present case that he expects some of the telephone numbers that appear in the inbound call logs for the telephone numbers on the subject facsimile advertisements will also appear in Capital Alliance Group's call logs as inbound transferred calls.

***Exhibits that Will Be Used to Summarized or Support the Opinions***

8

1

2      20.    Subject facsimile advertisements in the present case; Subject facsimile

3  advertisements in the Bee, Denning, Inc. matter.  Transcript of Deposition of Narin

4  Charanvattanakit in the present matter on 2/28/17; Transcript of Deposition of Narin

5  Charanvattankit in the Bee, Denning, Inc. matter on 5/19/14; Ring Central invoices

6  provided by Defendants in the present matter; Ring Central call logs provided by

7  Defendants in the present matter; Phone.com call logs obtained via subpoena in the

8  present matter, and also in the Bee, Denning, Inc. matter.

9      21.    I reserve the right to amend, modify or supplement the statements and

10  opinions set forth herein as appropriate.

11      22.    I declare that the foregoing is true and correct, subject to the laws of

12  perjury of the United States. Executed in Spring Valley, CA on this $\cancel{19^{th}}$ day of April

13  2017.

14

15                                   _____

16                                   Jeffrey A. Hansen

17

18

19

20

21

22

23

24

25

26

27

28

1 | Daniel J. Williams, Esq. (SBN 222841)
2 | LAW OFFICES OF DANIEL J. WILLIAMS
  | 3990 Old Town Ave., Ste. 200-A
  | San Diego, CA 92110
3 | Tel: (619) 259-0285
  | Fax: (619) 923-3253
4 | Email: djw2esq@gmail.com

5 | Attorneys for plaintiffs David Meyer, Ken Moser, Arnie Katz,
6 | DMC Properties, Inc., and Venture Support Group, LLC

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10

11 | DAVID MEYER, et al.,                    ) Case No.: 15-CV-2405-WVG
                                            )
12 |             Plaintiffs,                 )
                                            )
13 |       vs.                               ) **CERTIFICATE OF SERVICE**
                                            )
14 | CAPITAL ALLIANCE GROUP, et al.,         )
                                            )
15 |             Defendants                  )
                                            )
16 |                                         ) Magistrate Judge: Hon. William V. Gallo
                                            ) Filed:  10/23/15
17 |                                         )
                                            )
18 |                                         )

19 | **CERTIFICATE OF SERVICE**
20 | *Meyer v. Capital Alliance Group, et al.*
   | U.S.D.C. Southern District Case No. 15-CV-2405-WVG

21

22 |        I am a resident of the State of California, over the age of eighteen years, and not a party to
   | the within action. My business address is 3990 Old Town Ave., Ste. 200-A, San Diego, CA 92110.
23 | On **April 14, 2017**, I served the following document(s), by the following methods, on the persons
   | indicated below:

24

25 | **WRITTEN REPORT OF JEFFREY A. HANSEN**

26 | ☐     BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case
   | participants and in accordance with the procedures set forth at the Court's website
27 | www.ecf.casd.uscourts.gov on the recipients designated on the Transaction Receipt located on the
   | CM/ECF website.
28

1

1  ✓     BY UNITED STATES MAIL:  I enclosed the documents in a sealed envelope or package
2  addressed to the persons at the addresses above and: (1) ☐ deposited the sealed envelope with the
3  United States Postal Service, with the postage fully prepaid. (2) ✓ placed the envelope for
   collection and mailing, following our ordinary business practices. I am readily familiar with this
4  business's practice for collecting and processing correspondence for mailing. On the same day that
5  correspondence is placed for collection and mailing, it is deposited in the ordinary course of
   business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I
6  am a resident or employed in the county where the mailing occurred. The envelope or package was
   placed in the mail at San Diego, California.
7
                Deanna M. Brown, Esq.
8               HOMAN & STONE
                12 North Fifth Street
9               Redlands, CA 92373
10              T: (909) 307-9380
                F: (909) 793-0210
11              **Counsel for defendants Capital Alliance Group, Capital Alliance Partners, LLC, Narin**
12              **Charanvattanakit, Mark Mendoza, Christina Duncan, and Justine Craine**

13  ✓     BY ELECTRONIC SERVICE:  Based on a court order or an agreement of the parties to
14  accept electronic service, I caused the documents to be sent from electronic service address
    djw2esq@gmail.com to **Deanna M. Brown, Esq.**, at the electronic service addresses
15  **dbrown@homan-stone.com.** I did not receive, within a reasonable time after the transmission, any
16  electronic message or other indication that the electronic service was unsuccessful.

17       I declare under penalty of perjury that the foregoing facts are true and correct, and that this
    certificate of service was executed by me on **April 14, 2017**, in San Diego, California.
18
19
20
21              Daniel J. Williams, attorney for plaintiffs
22              David Meyer, Ken Moser, Arnie Katz,
                DCM Properties, Inc., and
23              Venture Support Group, LLC
24
25
26
27
28

                              2